STATE OF MISSOURI, Defendant in Error, v. WIL-
LIAM L. DANNAHOWER, Plaintiff in Error.

Kansas City Court of Appeals, February 7, 1910.

**BILL OF EXCEPTIONS:** Extension of Time: Record Proper. An
extension of time to file a bill of exceptions must be shown by
the record proper.

Appeal from Jackson Criminal Court.—*Hon. Ralph S.
Latshaw,* Judge.

AFFIRMED.

*Clyde Taylor,* special prosecutor, for defendant in
error.

(1)   The motion for new trial was filed after the
time limited in the statute, and for that reason noth-
ing occurring at the trial is presented to this court for
review.   R. S. 1899, sec. 2689; State v. Pritchett, 219
Mo. 696, 119 S. W. 386. To the same effect see the follow-
ing cases: State v. Rosenblatt, 185 Mo. 114; State v.
Brooks, 92 Mo. 591; State v. Maddox, 153 Mo. 473. (2)
The action of the lower court upon the motion to quash
is not open for review in this court, because such motion
is not preserved in any bill of·exceptions properly pre-
sented to this court.   It is true that the record proper
shows that a motion to quash was filed and was by the
court overruled.   This, however, is not sufficient.   In
order for this court to review the propriety of the
action of the lower court on motion, it is essential that
such motion, and exceptions to the action of the court
thereon, must be preserved in the bill of exceptions.
Even if the so-called bill of exceptions was open for
the scrutiny of this court it would show only that the
defendant had a fair trial, free from error prejudicial

to him, and that the conviction in the case was righteous. State v. Hosmer, 85 Mo. 588; 2 Greenleaf (6th Ed.), sec. 423; 25 Cyc. 581. "The burden of proof is upon the defendant to establish the truth of the charge." (3) The State having proved that the defendant caused the libel to be printed, and that the same was delivered into defendant's possession, the presumption of law is that he caused the libelous matter to be placed in the hands of all those who subsequently received it. Sherwood, Criminal Law, 698.

*Bruce Barnett* and *W. W. Calvin*, for plaintiff in error, filed no brief.

ELLISON, J.—Defendant was arraigned and convicted of libel on an information by the prosecuting attorney of Jackson county. He appealed to this court. Afterwards he dismissed the appeal and sued out a writ of error. In obedience to that writ there has been sent to us the record of the proceedings and trial in the criminal court. Chief among these is a voluminous bill of the exceptions taken at the trial, containing the evidence in detail, as well as instructions, etc. It appears that this bill was not made up, signed and filed at the term at which the exceptions were taken, but at a subsequent term. The record does not show any leave of court extending the time. The bill itself recites that there was an extension, but that, as has been many times ruled, is not sufficient. It must be shown by the record proper. We are thus left without right to look into any matter of exception concerning the trial and hence have only the record proper for examination.

We have examined it, and find no error therein. The judgment is accordingly affirmed. All concur.